BECK v. DELTA RECREATION CORPORATION.

1. JUDGMENT—MOTION FOR SUMMARY JUDGMENT—OPPOSING AFFIDAVITS.

A motion for summary judgment, directed to the sufficiency of the pleadings, requires plaintiff to allege facts in affidavits in opposition to the motion, which could justify a court in finding a meritorious cause of action (GCR 1963, 117).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 7]  41 Am Jur, Pleadings § 340 et seq.
[3–5]  36 Am Jur, Mechanics' Liens § 130 et seq.
[6]  36 Am Jur, Mechanics' Liens § 181 et seq.

2. SAME—SUMMARY JUDGMENT—PLEADINGS—ISSUES OF FACT.

Trial judge's determination that plaintiffs-appellants seeking to foreclose mechanics' liens, had not raised issues of fact going to the matter of perfecting the lien for decision *held*, proper under record presented, it being permissible for the court to consider pleadings as a whole, including affidavits filed in support of motion to amend complaint, hence, defendant's motion for summary judgment was properly granted (CLS 1961, § 570.6; GCR 1963, 117).

3. MECHANICS' LIENS—DEALING DIRECTLY WITH OWNER—STATEMENT OF ACCOUNT—PERSONAL SERVICE.

Direct dealing between parties, seeking to foreclose mechanics' liens, and the owner, so as to excuse them from necessity of making personal service of a copy of the statement of account *held*, not shown in plaintiffs' pleading or affidavits (CLS 1961, § 570.6).

4. SAME—DEALING DIRECTLY WITH OWNER—EVIDENCE—CONSTRUCTION OF STATUTE.

Direct dealings with an owner can consist of something less than an express contract so far as provision in mechanic's lien law excepting persons dealing directly from making personal service of the statement of account, but casual conversations, expressions of concern over payment, and being asked to bid on a job directly with a contractor are not construed as "dealing directly with the owner" (CLS 1961, § 520.6).

5. SAME—STATEMENT OF ACCOUNT—PERSONAL SERVICE—CERTIFIED LETTER.

Service of statement of account by certified letter is not acceptable as personal service of such statement as required by mechanic's lien law (CLS 1961, § 570.6).

6. SAME—MORTGAGES—SUMMARY JUDGMENT.

Claims of invalid mechanic's lien and foreclosure thereof are subordinate to lien of claimant under duly filed lien and of defendant-appellee, the assignee of mortgage given by the owner to the prime contractor as security for payment, where summary judgment for such defendant is affirmed (CLS 1961, § 570.6; GCR 1963, 117).

7. JUDGMENT—SUMMARY JUDGMENT—EVIDENCE.

A party opposing a motion for summary judgment may obtain a denial thereof upon production of some evidence (GCR 1963, 117).

Appeal from Delta; Davidson (Bernard H.), J. Submitted Division 3 January 4, 1966, at Grand Rapids. (Docket No. 180.) Decided March 22, 1966.

Complaint by Ragnar G. Beck, doing business as R. G. Beck & Company, Omar Morey, doing business as Morey Construction Company, Art De-Grand, doing business as DeGrand Excavating, Arthur DeCamp, Emer R. Peterson, doing business as Bay De Noc Roofing, Moe Northern Company, and Northern Terrazzo & Tile Company against Delta Recreation Corporation, Peninsula Construction & Supply Company, and Thorp Finance Corporation to foreclose mechanics' liens on property constructed, owned, and financed by defendants. Summary judgment for defendant Thorp Finance Corporation against all plaintiffs, except Northern Terrazzo & Tile Company. Plaintiffs appeal. Affirmed.

*Nicholas P. Chapekis* and *James P. Chapekis,* for plaintiffs, except Northern Terrazzo & Tile Company.

*Strom, Hoehn & Shipman* (*Wheaton L. Strom* and *Clair J. Hoehn,* of counsel), for defendant Thorp Finance Corporation.

*John G. Erickson,* for defendant Delta Recreation Corporation.

FITZGERALD, J. This appeal arises from a summary judgment* granted defendant Thorp Finance Corporation against a group of business firms seeking to foreclose mechanics' liens against premises owned

---

* See GCR 1963, 117.—REPORTER.

by defendant Delta Recreation Corporation.  Peninsula Construction & Supply Company was the prime contractor on the building, a bowling alley, and Thorp Finance is the assignee of a mortgage given by the owner to the contractor as security for payment.  The original complaint alleges that the necessary procedures for perfection of mechanics' liens were taken and that a statement of claim was served on the owner by certified mail, return receipt requested.

Defendant-owner answered the complaint, neither admitting nor denying any of the allegations and defendant Thorp Finance filed a motion for summary judgment claiming that the plaintiffs' mechanics' liens were defective.  The reason given by Thorp Finance was that plaintiffs failed to serve the owner, Delta Recreation, with a statement of claim of lien by personal service as required by section 6 of the mechanics' lien law, CLS 1961, § 570.6 (Stat Ann 1965 Cum Supp § 26.286) which reads in part as follows:

"Every person recording such statement or account as provided in the preceding section, except those persons contracting or dealing directly with the owner, part owner or lessee of such premises, shall within 10 days after the recording thereof, serve on the owner, part owner or lessee of such premises, if he can be found within the county or in case of his absence from the county, on his agent having charge of such premises, within the county wherein the property is situated, a copy of such statement or claim; but if neither of such persons can be found within the county where such premises are situated, then such copy shall be served by posting in some conspicuous place on said premises within 5 days after the same might have been served personally, could the principal or agent, as aforesaid, have been found."

Plaintiffs, who had alleged certified mail service, sought refuge in the exception which is to be noted in the previously quoted statute, "except those persons contracting or dealing directly with the owner, part owner or lessee." The trial court granted plaintiffs' leave to amend their complaint to this effect, based on a motion and supporting affidavits.

The answers of Thorp Finance and Delta Recreation specifically deny allegations of direct dealing and of acceptance of service by mail in lieu of personal service. The trial court held that the plaintiffs, with the exception of the Northern Terrazzo Tile Company, which had filed a proof of personal service, had failed to comply with the previously quoted statutory requirements of service and granted the summary judgment prayed for against the six plaintiffs who served the statement of lien by certified mail.

Once again we are met with the devastating consequences of a motion for summary judgment when a plaintiff must scramble to "put his house in order" and to make sure that he may not be successfully challenged as to the existence of the facts upon which he purports to build his case.

It is obvious that the motion for summary judgment, directed to the sufficiency of the pleadings, immediately brings plaintiffs under a duty to allege facts in their affidavits which could justify a trial court in finding a meritorious cause of action. *Dionne* v. *Pierson Contracting Co.* (1965), 2 Mich App 134.

Appellants' first two questions on appeal are necessarily inseparable. Plaintiffs first ask whether the record states a cause of action for foreclosure of perfected mechanics' liens and also whether there was "direct dealing" between plaintiffs and the owner, Delta Recreation, so as to abrogate the statutory

requirement of personal service of the statement of lien.

In the first instance we find that the trial court was correct in its decision that there was no issue of fact to be decided. Indeed, no factual controversy is raised going to the matter of perfecting the lien. Specifically, plaintiffs complain that the trial court, in its opinion granting the motion, took as evidence to decide the factual issue of direct dealing, certain affidavits filed by the plaintiffs in connection with their motion for leave to amend the complaint claiming that they are not a part of the amended complaint. They state that only an actual court hearing or trial with the right to cross-examine defendant-owners could determine this matter. We are constrained to say that this is simply not the law once a motion for summary judgment is made. The question we posed in *Dionne, supra* (p 137), "Did the pleadings and affidavits set forth any material facts calling for a trial on the merits?" must be answered in the negative. Neither did they allege personal service or bring themselves within the direct dealing exception. That the trial judge may consider the pleadings as a whole, including the affidavits filed by plaintiffs, is without question.

Plaintiffs have not offered by affidavit or otherwise any contracts between the several plaintiffs and the owner. In the absence of such contracts, it was necessary for plaintiffs to demonstrate some other basis on which a court could infer "direct dealing" so as to bring them within the statutory exception wherein they would not be required to obtain personal service.

We do not believe that the affidavits or amended pleadings under any construction allege sufficient facts to yield an interpretation of direct dealing. One affiant stated that he was contacted by the owner and asked to make a bid on decorating and paint-

ing with the contractor; one states that he asked for assurance of payment if he took the job; others state that they were asked to submit bids to the contractor; others say that they had conversations on various occasions with officers of the owner regarding payment.

To appellants' contention that direct dealings can consist of something less than an express contract, we agree, but we cannot conceivably construe casual conversations, expressions of concern over payment, nor being asked to bid on a job directly with a contractor as the "dealing directly" meant by the legislature in the mechanics' lien statute.

Having decided that plaintiffs do not fall within the statutory exception, we return once more to the question of whether acceptance of a certified letter can substitute for personal service. Plaintiffs plead the legal conclusion that service was accepted, but we have no doubt that a defendant may not abrogate the requirements of a statute by accepting a letter not authorized by the statutory mandates. Plaintiffs rely on *Mouat* v. *Fisher* (1895), 104 Mich 262. That case is not in point. There the defendant signed a waiver of service stating that he accepted service of a copy in lieu of posting the same on his building or other notice under the statute. In the instant case, a letter delivered to the owner cannot substitute for the rigid service requirements of a mechanics' lien. *Hannah & Lay Mercantile Company* v. *Mosser* (1895), 105 Mich 18.

A final contention of plaintiffs is that the claims for lien and foreclosure thereof remain as to the defendant-owner, Delta Recreation, the summary judgment having been granted to Thorp Finance.

Thorp Finance was the moving party and was granted the summary judgment, and we note that defendant owners took no part in the proceedings on Thorp's motion. This, in and of itself, appears

to answer plaintiffs' question. Furthermore, the last paragraph of the trial court's opinion spells out with particularity the exact posture of the suit and plaintiffs are left to any further remedies they may wish to pursue. The court states:

"For the above reasons defendant's (Thorp) motion for summary judgment as to all plaintiffs except Northern Terrazzo is granted, limited, however, to the claim for lien and foreclosure thereof. The suit remains as to Northern Terrazzo in all respects and as to the other plaintiffs on their claim for judgment against the contractor and owner-defendants."

The particularity with which a mechanics' lien must be claimed and perfected is demonstrated with force by this appeal, as is the searchlight directed upon pleadings by a motion for summary judgment..

The acuteness with which the appellate courts of this State deal with matters of summary judgment was pointed up in *Dionne, supra,* and in the case of *Durant* v. *Stahlin (Appeal in re Van Dusen, Elliott, Romney)* (1965), 375 Mich 628, wherein it was stated (p 638), "The party opposing the motion is given the benefit of all doubt. If he produces some evidence, the motion is denied." Such evidence was not forthcoming and in this case the summary judgment motion was granted.

The decision of the trial court, being proper, is affirmed. Costs to appellee.

Watts, P. J., and Holbrook, J., concurred.