## REINHARDT v BENNETT

1. TRIAL—PRETRIAL CONFERENCE—PARTICIPATION OF ATTORNEYS.

   It was error for the trial court and defense counsel, when plaintiff's attorney failed to appear, to hold a pretrial conference which resulted in the issuance of a pretrial summary that narrowed the issues of the case and purported to bind both parties, because, although the failure of plaintiff's attorney to appear at the conference is not condoned, once the trial court decided to hold a pretrial conference it should have been conducted in a manner fair to both sides or it should not have been conducted at all (GCR 1963, 301.1).

2. TRIAL—PRETRIAL CONFERENCE—PARTICIPATION OF ATTORNEYS.

   Under the court rules, where the attorneys or parties for one side of a contested civil action fail to appear at a duly scheduled pretrial conference, the trial court may not conduct the conference, but must either adjourn the conference to a later date or enter a default against the absent parties (GCR 1963, 301.9, 520).

3. CONTRACTS—IMPLIED WARRANTY—FITNESS.

   A complaint which alleged that the defendant failed to meet his obligations under a contract to build a swimming pool and that the pool which has been partially constructed is completely unusable, was sufficient to put the defendant on notice that the plaintiffs were relying on a breach of the implied warranty of fitness for a particular purpose, and it was error for the trial court to foreclose the plaintiffs from trying the issue of defendant's breach of an implied warranty for a particular purpose (MCLA 440.2315, GCR 1963, 111.1).

4. CONTRACTS—WARRANTY—BREACH—NOTICE—WAIVER.

   The necessity of a written notice requesting remedy of a defect in

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 62 Am Jur 2d, Pretrial Conference and Procedure § 14.

[3, 4] 17 Am Jur 2d, Contracts § 509.

   58 Am Jur 2d, Notice §§ 23, 24.

[5] No reference.

workmanship as provided for by the express terms of the contract may be waived through a course of dealing (MCLA 440.1205).

5. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT.

It is error for the trial judge to enter a summary judgment when the record reveals a material unresolved question of fact.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 October 11, 1972, at Lansing. (Docket No. 12553.) Decided February 21, 1973.

Complaint by Paul Reinhardt and Laura Reinhardt against Malcolm Bennett, doing business as Bennett Building Company, for breach of contract. Summary judgment for defendant. Plaintiffs appeal. Reversed and remanded for a trial on the merits.

*Lyndon J. Lattie,* for plaintiffs.

*Gary W. Brasseur,* for defendant.

Before: DANHOF, P. J., and BRONSON and T. M. BURNS, JJ.

T. M. BURNS, J. Plaintiffs appeal from a summary judgment granted in favor of the defendant.

On June 29, 1966, the parties herein entered into a contract whereby the defendant agreed to install a swimming pool for the plaintiffs. The pool was constructed. However, it allegedly proved defective and the defendant refused to make the requisite repairs.[1] As a result, on May 4, 1970,

---

[1] Information gleaned from plaintiffs' answers to the defendant's interrogatories indicates that in August of 1966 there was a leak in the pool liner which was repaired by the defendant, later, in 1968, plaintiffs informed the defendant that the sidewalk adjoining the pool had sunk four inches and finally, in April of 1969, plaintiffs told the defendant that the north wall of the pool was severely bowed. Defendant refused to make any repairs to correct these latter defects.

plaintiffs instituted the present action for breach of contract.

During the pendency of the suit, defendant's original counsel was appointed to the district-court bench. In order to allow the defendant sufficient time to secure new counsel, a final pretrial conference scheduled for December 3, 1970, was adjourned until March 9, 1971. Plaintiffs' attorney failed to appear at the March 9, 1971, conference.[2] Nonetheless, the trial court with the assistance of defense counsel held the conference and narrowed the issues of the case. The pretrial summary order which grew out of this pretrial conference stated *inter alia* that no statutes or ordinances were involved and that proofs on all factual issues not raised at the conference would be barred from the trial.

At trial the defendant moved for a summary judgment pursuant to GCR 1963, 117.2(1) on the ground that the complaint failed to state a claim upon which relief could be granted because plaintiffs had not alleged compliance with a provision of the contract requiring written notice of any defects within 30 days after the capping was placed around the pool. The 30-day notice requirement provided:

"Contractor warrants that all material used in completing the installation contracted for herein will be of good quality and that it will remedy any defect in the workmanship of which it receives written notice within 30 days after the placement of the coping or capping without additional cost to the owner(s)."

In opposition to this motion, the plaintiffs argued that the 30-day warranty period could not be

---

[2] Plaintiffs' attorney admits he was a few minutes late for the pretrial conference.

calculated since the defendant did not disclose the date the capping was attached and that in any event the capping was improperly attached. Moreover, plaintiffs asserted that the defendant breached an implied warranty of fitness for a particular purpose under MCLA 440.2315; MSA 19.2315.

The trial court granted the defendant partial relief and in effect refused to amend the pretrial summary to include a breach-of-warranty issue when it ruled:

> *"The Court:* Well, let me clear out some of the matters that I feel must be disposed of now.
>
> "First of all there will be no claim for breach of warranty, implied or expressed, there not being any proper pleadings to support it and it not being an issue reserved in the pretrial conference order.
>
> "The pretrial conference order specifically indicated that there are no statutes involved. So there are no Uniform Commercial Code warranties, express or implied, which will be permitted to be considered as an issue in this case."

The remainder of defendant's motion was taken under advisement. Thereafter the trial court in a written opinion dated July 30, 1971, granted the defendant's motion for a summary judgment on the grounds that: (1) plaintiffs failed to allege that written notice of the defect was tendered to the defendant according to the terms of the contract and (2) no implied warranty existed in the face of an express warranty.

For the most part, the issues of the present appeal stem from the pretrial conference and the resultant pretrial summary drawn by the trial court. Therefore, as a threshold question, we will consider whether or not the pretrial conference was conducted in a proper manner.

As previously recounted even though the plaintiffs' attorney failed to appear at the March 9 pretrial conference, the trial court and defense counsel met at the designated hour and narrowed the issues of the case. This was error.

The pretrial conference is conducted to simplify and narrow the issues of the case for expeditious trial and to avoid traps and surprises. *Applebaum v Wechsler,* 350 Mich 636 (1957). It is patent that these objectives can only be reached if both sides in a contested civil action participate in the conference.

In accordance with our adversary form of jurisprudence, the court rule governing the pretrial conference (GCR 1963, 301 *et seq.)* presupposes the presence and participation of both sides. This is borne out by GCR 1963, 301.1 which reads:

"Scope of Conference. In every contested civil action the court shall direct the *attorneys* for the parties to appear before it for a conference * * * ." (Emphasis supplied).

The provision arrayed above is followed by an enumeration of 12 specific areas to be covered at the pretrial conference. In addition GCR 1963, 301.2 requires the trial court at each pretrial conference to:

" * * * [I]nquire of the *parties* as to whether or not the claims arising out of the transaction or occurrence that is the subject matter of the suit have been joined * * * ." (Emphasis supplied.)

Under this same rule, the penalty for the failure to appear at the pretrial conference is clear. GCR 1963, 301.9 provides:[3]

---

[3] *Cf.* Wayne County Circuit Court Rule 8.3.

"Default. Failure to appear at a duly scheduled pretrial conference, unless said conference has been waived in accordance with sub-rule 301.8, shall constitute a default to which provisions of GCR 520 shall be applicable."

Therefore in the present case when plaintiffs' counsel failed to appear at the pretrial conference, the trial court was faced with the alternative of either postponing the pretrial conference to afford both sides an equal opportunity to participate or entering a default judgment against the plaintiffs. It was not proper, however, for the trial court to hold the pretrial conference, narrow the issues of the case with only one side present, and then issue a pretrial summary of results purporting to bind both parties.

We would not hesitate to affirm the lower court's action had it entered a default against the plaintiffs for the failure of counsel to appear at the pretrial conference. See GCR 1963, 301.9. Moreover, we do not condone the failure of plaintiffs' attorney to appear at the conference, however, once the trial court decided to hold a pretrial conference it should have been conducted in a manner fair to both sides or it should not have been conducted at all.

We hold, therefore, that under the General Court Rules of 1963 where the attorneys or the parties for one side of a contested civil action fail to appear at a duly scheduled pretrial conference, the trial court may not conduct the conference, but must either adjourn the conference to a later date or enter a default judgment against the absent parties.

Next, we turn to the question of whether or not it was error for the trial court to foreclose the plaintiffs from trying the issue of defendant's al-

leged breach of an implied warranty for a particular purpose. MCLA 440.2315; MSA 19.2315. The trial court excluded this issue for the reasons that there were not any proper pleadings to support it and that the question was not reserved in the pretrial conference order since it specifically stated that no statutes were involved in the case. We cannot sustain this action.

While GCR 1963, 111.1 requires a statement of the facts upon which a complainant relies, the primary function of the pleadings is to put the opposing party on notice of what he is called on to defend. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed) pp 195–196. The plaintiffs contend that the complaint was sufficient to put the defendant on notice that they were relying upon a breach of the implied warranty of fitness for a particular purpose.

The pertinent language from the complaint reads:

"(3) That plaintiffs have performed their obligations under the contract attached hereto as Exhibit A, but Defendant *has failed to completely meet his obligations thereunder to build a usable swimming pool.*

\* \* \*

"(5) That the pool which has been partially constructed by the defendant is *completely unusable* \* \* \* ." (Emphasis supplied.)

It is also significant to note that when the issue of breach of an implied warranty of fitness was raised during the argument on the motion for summary judgment, the defendant did not allege any surprise.

From the repeated references to usability contained in the complaint coupled with the defendant's apparent lack of surprise, we conclude that

the complaint sufficiently put the defendant on notice that the pool was allegedly unfit for its particular purpose, *i.e.,* swimming.

The trial court also blocked the plaintiffs' attempt to raise the breach of an implied warranty of fitness question on the ground that it arose under MCLA 440.2315; MSA 19.2315, on the ground that the pretrial summary specifically excluded statutes from consideration. In effect the trial court refused to amend the pretrial summary to include this issue.

The modification of a pretrial summary rests with the sound discretion of the trial court and while a party may generally rely on the pretrial summary to frame the triable issues, our primary concern is to see that justice is done. *Bednarsh v Winshall,* 374 Mich 667 (1965); *Thomas v Gray,* 19 Mich App 90 (1969).

Here, although plaintiffs did not participate in the pretrial conference, the warranty issue was sufficiently raised in the complaint and caused no surprise to the defendant. Under these unique circumstances, primarily stemming from the manner in which the pretrial conference was conducted, we find that justice was not done in barring this issue from trial and that the trial court abused its discretion by not modifying the pretrial summary to accomodate this issue.

Finally, notwithstanding the irregularity of the pretrial conference, we must consider the propriety of the summary judgment entered against the plaintiffs.

To reiterate, at trial the defendant moved for a summary judgment pursuant to GCR 1963, 117.2(1) on the grounds that the complaint failed to state a cause of action upon which relief could be granted because plaintiffs failed to allege hav-

ing tendered the required written notice of defects as specified in the contract. The trial court concurred. We disagree.

It is fundamental that material issues of fact bar the entry of a summary judgment. *Rogowski v Detroit,* 374 Mich 408 (1965). During the arguments on the motion for summary judgment in the court below, the following colloquy occurred:

"*Mr. Bransuer (defendant's counsel):* If it please the court, there's one issue which the court has taken under advisement which I believe is very critical, and that is the notice requirement of the thirty-day notice requirement in writing.

"I believe the exhibits which will be offered and which were offered by defendant at the pretrial conference, at that time I believe a stipulation would have been in order as to the actual date of final installation or installation of the coping or capping was.

"If counsel for the plaintiff would be prepared at this time, based upon the exhibit particularly on the swimming pool contract, which I see dated June 29, 1966, if we could have a stipulation as to the date when the contract was completed—and I have this instrument here which is signed by the plaintiffs—I believe it would help the court in its ruling on this, what I believe to be a very critical issue, and that is the notice requirement of the contract.

"*The Court:* Well you're asking for a stipulation.

"*Mr. Lattie (plaintiffs' counsel): I will not so stipulate,* obviously. I don't want to stipulate to repairing the motion. *That would bar counsel from attempting to file with the court affidavits and other matters to get the matter before the court.*

"*The Court:* Now, this motion will be decided on the file in its present posture and absent a stipulation *that factual issue [the notice requirement] will have to remain unresolved and the motion will be decided on that assumption.*" (Emphasis supplied.)

The outcome of the present suit depends to a

large extent upon whether the plaintiffs gave or were required to give the defendant written notice of any defects in the pool. However, as correctly noted by the trial court, this fact was in dispute. This observation is confirmed by our examination of the lower-court file. The sworn answers to the defendant's interrogatories reveal that on three occasions the plaintiffs orally complained to the defendant about the faulty construction of the pool. The defendant responded to these complaints. Thus a question arose as to whether the defendant by responding to the plaintiffs' oral complaints waived the necessity of written notice through a course of dealing. MCLA 440.1205; MSA 19.1205.

Although the complaint did not specifically allege that the requisite notice was given, at the very least the plaintiffs should have been afforded the opportunity to amend their complaint to frame this issue before being summarily dismissed from court. *Bloss v Williams,* 15 Mich App 228 (1968); *Nuyen v Slater,* 372 Mich 654 (1964).

We hold, therefore, that since the record reveals a material unresolved question of fact, it was error for the trial court to enter the summary judgment against the plaintiffs.

Accordingly, the summary judgment is reversed and the case is remanded for a trial on the merits.

BRONSON, J., concurred.

DANHOF, P. J., concurred in the result only.