ROWEN & BLAIR ELECTRIC CO v FLUSHING OPERATING CORP

1. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT.

   The entry of a summary judgment is never proper where there is
   a material issue of fact (GCR 1963, 117.2[3]).

2. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT—COURT RULES.

   There should be a trial and no summary judgment granted unless
   "there is no genuine issue as to any material fact" and the
   courts are liberal in finding that a "genuine issue" does indeed
   exist; a court will give the benefit of any reasonable doubt to
   the opposing party and must be satisfied that it is impossible
   for the claim or defense to be supported at trial because of
   some deficiency which cannot be overcome (GCR 1963, 117.2).

3. MECHANICS' LIENS—TENANTS—LANDLORDS—AGENCY—IMPROVE-
   MENTS.

   A mechanic's lien will attach to property for labor and materials
   furnished under a contract with a tenant where a landlord
   authorizes the tenant to make improvements on the leased
   premises and agrees to pay for the improvements and where
   the improvements are to revert to the landlord upon expiration
   of the lease; the tenant is treated as akin to the landlord's
   agent.

4. LANDLORD AND TENANT—AGENCY—RATIFICATION—IMPROVEMENTS
   —PARTIAL PAYMENT.

   A landlord's partial payment to a contractor for improvements
   contracted for by a tenant may reasonably be interpreted as an
   authorization to the tenant to make improvements upon the
   premises.

5. JUDGMENT—SUMMARY JUDGMENT—MECHANICS' LIENS—NOTICE—
   DIRECT DEALINGS—AGENCY.

   Summary judgment for a landlord of a building on the ground
   that the contractor failed to serve the landlord with a copy of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] No references.
[3, 4] 49 Am Jur 2d, Landlord and Tenant § 949.
   53 Am Jur 2d, Mechanics' Liens § 131.

the statement establishing the lien as required by the notice provisions of the mechanic's lien statute where a contractor had brought suit to foreclose a mechanic's lien against the landlord and tenant of the building was improvidently granted, in a case where it would not have been impossible for the plaintiff factually to support its claim at trial that it dealt directly with the landlord through the landlord's alleged agent, the tenant (MCLA 570.6; GCR 1963, 117).

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted Division 3 April 3, 1973, at Grand Rapids. (Docket No. 14751.) Decided August 29, 1973.

Complaint by Rowen & Blair Electric Company against Flushing Operating Corporation, Dutch Treat Bakers, Inc., and Sparrow Building, Inc., to foreclose a mechanic's lien. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded for trial.

*Schaberg & Schaberg,* for plaintiff.

*Walsh, Sullivan & Nurrie* (by *Thomas M. Powers),* for defendant Flushing Operating Corporation.

Before: HOLBROOK, P. J., and T. M. BURNS and CHURCHILL,* JJ.

T. M. BURNS, J. Plaintiff appeals from the entry of a summary judgment dismissing its suit against the defendants on the grounds that there were "no facts stated in any of the sworn complaints, affidavits, or admissions of the plaintiff" to support its claim. GCR 1963, 117.2(3).

On or about July 1, 1969, and pursuant to an oral contract between the plaintiff and Dutch

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Treat Bakers, Inc., (hereinafter known as Dutch Treat), plaintiff began to furnish labor and materials in connection with the installation of electrical work for the improvement of the building occupied by Dutch Treat. The building was formally leased to Dutch Treat by the defendant Flushing Operating Corporation (hereinafter referred to as Flushing), on July 2, 1969. However records in the register of deeds office disclose that Flushing did not obtain title to the building until October of 1969. In any event, plaintiff continued to perform the work; and in November of 1969, Flushing paid the plaintiff the sum of $7,040.35 by a check made payable to both the plaintiff and Dutch Treat. The check was subsequently endorsed by Dutch Treat, and plaintiff was paid. Plaintiff completed the electrical work on May 13, 1970, and shortly thereafter timely filed the requisite statement with the register of deeds to establish a mechanic's lien against property occupied by Dutch Treat. See MCLA 570.5; MSA 26.285. The amount claimed by the plaintiff totalled $39,033.50. This sum represented the unpaid balance for the work performed. On May 3, 1971, plaintiff instituted the present suit to foreclose the lien. Flushing moved for an accelerated judgment, which was treated by the trial court as a motion for summary judgment, alleging that it was entitled to a judgment as a matter of law since plaintiff had not complied with the notice provisions of the mechanic's lien statute MCLA 570.6; MSA 26.286 which reads:

"Every person recording such statement or account as provided in the preceding section (MCLA 570.5; MSA 26.285) except those persons contracting or dealing directly with the owner, part owner or lessee of such premises, shall within 10 days after the recording thereof, serve on the owner, part owner or lessee of

such premises * * * a copy of such statement or claim
* * * ."

Plaintiff admitted it had not served a copy of the
statement on Flushing, but asserted that it had
dealt directly with Flushing and was, therefore,
per the terms of the statute excused from serving
a copy of the statement on Flushing. After hearing
the arguments of both parties and examining the
record, the trial court concluded that there were
sufficient allegations within plaintiff's complaint
which if true indicated there were direct dealings
between the plaintiff and Flushing. Accordingly,
Flushing's motion for a summary judgment was
denied. However, at the behest of Flushing a re-
hearing on the matter was granted. At the conclu-
sion of the second hearing, the trial court found
that plaintiff had failed to produce any evidentiary
proof to support its claim it had direct dealings
with Flushing. Consequently, Flushing's motion
for a summary judgment was granted.

The entry of a summary judgment is never
proper where there is a material issue of fact. GCR
1963, 117.2(3); *Rogowski v Detroit,* 374 Mich 408;
132 NW2d 16 (1965). Moreover in the recent case
of *Rizzo v Kretschmer,* 389 Mich 363, 372; 207
NW2d 316, 320 (1973), the Supreme Court noted
that where, as here, it is alleged via a motion for
summary judgment that a plaintiff's claim lacks
factual support:

"The courts are liberal in finding that a 'genuine
issue' does indeed exist. As Honigman & Hawkins
correctly comments, (1) the court will 'give the benefit
of any reasonable doubt to the opposing party' and (2)
'the court must be satisfied that it is impossible for the
claim or defense to be supported at trial *because of
some deficiency which cannot be overcome.'* "

Inasmuch as plaintiff has admitted it did not serve a copy of the lien statement upon Flushing and since MCLA 570.6; MSA 26.286 provides an exception to the notice requirement where there has been direct dealing or contracting with the owner, part owner, or lessee of the premises. sought to be encumbered by the mechanic's lien, it is patent that the outcome of plaintiff's suit depends upon whether there was any direct dealing or contracting between the plaintiff and Flushing.

The relevant portions of the complaint and amended complaint pertaining to direct dealing between the plaintiff and Flushing reads:[1]

"Paragraph 3. That on or about the first day of July, 1969, defendant, Dutch Treat Bakers, Inc., was the owner, part owner, or lessee and in possession of certain land and building * * * involved in this lawsuit. That on or about said date, to the best of plaintiff's information and belief, Flushing Operating Corporation held an undisclosed interest in said premises, which was not of record and which was unknown to the plaintiff at the time * * * . That on or about said date, pursuant to an oral agreement between plaintiff and defendant, Dutch Treat Bakers, Inc., plaintiff began the furnishing of labor and materials in connection with electrical work for the improvement of the building or buildings on said premises and the fixtures therein, and that said work was paid for in part by said Dutch Treat Bakers, Inc. That, according to the records of the register of deeds office, on or about October 26, 1969, Flushing Operating Corporation acquired to the said premises. That thereafter defendant, Flushing Operating Corporation, made at least one payment to plaintiff for work done on said premises, which said payment was in the sum of $7,040.35 and was in the form of a check drawn by said Flushing Operating Corporation, dated November 17, 1969, and payable to Rowen & Blair

---

[1] Paragraph 3 was taken from the amended complaint. Paragraph 4 was taken from the original complaint which was not changed by the amended complaint.

Electric Company [plaintiff] and Dutch Treat Bakers, Inc. * * * ."

"[Paragraph] 4. That thereafter and pursuant to said agreement, and at the request of defendants and with the full knowledge and acquiescence of defendant, Flushing Operating Corporation, either directly or indirectly through the relationship between the defendants, the plaintiff continued said work and the furnishing of materials until said work was completed on or about the 13th day of May, 1970 * * * ."

Flushing in its answer admitted drawing the check payable to both plaintiff and Dutch Treat, but denied the allegation in paragraph 4 as being untrue.

In view of the foregoing, it is readily apparent that the complaint and answer framed and raised the crucial question of fact as to whether there was a contract or direct dealing between the plaintiff and Flushing. Were Flushing's motion for a summary judgment predicated upon the ground that plaintiff had failed to state a claim upon which relief could be granted, GCR 117.2(1), the existence of this material question of fact would, in and of itself, necessitate a reversal of the summary judgment. See *Reinhardt v Bennett,* 45 Mich App 18; 205 NW2d 847 (1973). However, in its motion for summary judgment Flushing asserted that there was no factual basis to support plaintiff's claim of direct dealing. Therefore the question narrows to ascertaining whether, from an examination of the whole record, there was any factual basis to support plaintiff's claim of direct dealing, or in the absence thereof whether it would have been impossible for the plaintiff to factually support its claim at trial. *Rizzo v Kretschmer,* supra.

A review of the record discloses that both parties admitted that Flushing drew a check payable

to Dutch Treat and plaintiff for part of the work performed by the plaintiff. This to our minds indicates some direct dealing between the plaintiff and Flushing. Flushing, however, citing *Beck v Delta Recreation Corp,* 2 Mich App 518; 140 NW2d 764 (1966), argued that this was not enough to bring the plaintiff within the notice exception provided by MCLA 570.6; MSA 26.286 quoted *supra.* During the rehearing on the motion for summary judgment, plaintiff stated that Flushing had leased the premises to Dutch Treat, that the lease provided Flushing would expend the sum of $45,-000 to improve the building, and that all permanent improvements would revert to the lessor, *i.e.,* Flushing, at the expiration of the lease. From this plaintiff contended that Dutch Treat was acting as the agent for Flushing in contracting for the electrical work and that as such plaintiff was dealing directly with Flushing. Plaintiff's position was not unfounded since as a general rule where a lease authorizes the lessee to make improvements and the lessor agrees to pay for the improvements and where the improvements are to revert to the lessor upon expiration of the lease, a mechanic's lien will attach to the property for the work done or materials furnished pursuant to a contract with the lessee. In short under these circumstances the lessee is treated as acting as an agent for the lessor. *Merithew v Bennett,* 313 Mich 189; 20 NW2d 860 (1945) citing *Arctic Lumber Co v Borden,* 127 CCA 486; 211 Fed 50 (CA 9, 1914). The lease in question was not produced during the summary judgment proceedings. Consequently the only factual support showing direct dealings between the plaintiff and Flushing was the check drawn by Flushing and made payable to the plaintiff and Dutch Treat. This factual basis was tenuous at best, particularly in view of *Beck, supra,*

which held that casual conversations, expressions of concern over payment and being asked to bid on a job would not be construed as "dealing directly" under the mechanic's lien statute. We do note, however, that the Court in *Beck* did not rule on the question of whether a partial payment would be looked upon as a direct dealing. However even assuming an insufficient factual basis was presented at the hearing on the summary judgment to support plaintiff's claim of direct dealing with Flushing, we must nonetheless address ourselves to the question of whether it would have been impossible for the plaintiff to factually substantiate this claim during trial. See *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316, 320 (1973), discussed *supra.*

As previously recounted, when a landlord authorizes a tenant to make improvements on the leased premises and agrees to pay for the improvements and where the improvements are to revert to the landlord upon expiration of the lease, the tenant is treated as akin to the landlord's agent, and a mechanic's lien will attach to the property for labor and materials furnished under a contract with the tenant. *Merithew v Bennett, supra.*

Flushing's partial payment to the plaintiff for improvements contracted for by Dutch Treat, may be reasonably interpreted as an authorization to Dutch Treat to make improvements upon the premises. More importantly, however, a copy of the lease between Flushing and Dutch Treat was produced on appeal. A rider attached to the lease provides in pertinent part:

"3. The Landlord has agreed to expend the sum of Forty-Five Thousand Dollars ($45,000.00) for improvements to the leased property and for replacement of fixtures as may be required. The alterations, additions

and improvements as made with the subject $45,000.00, shall be described in detail by the Tenant and a list thereof attached to and made a part of this lease agreement as an exhibit hereto. Any alterations, additions and improvements made, whether from the funds advanced by the Landlord or paid for by the Tenant, as well as any fixtures, shall immediately become the property of the Landlord and at the end or other termination of this lease shall be surrendered to the Landlord."

Applying the rationale and principles announced in *Merithew v Bennett, supra,* to that portion of the rider arrayed above, it is clear that it would not have been impossible for the plaintiff to factually support its claim at trial that it dealt directly with Flushing through Flushing's alleged agent, Dutch Treat. Accordingly, we find that the summary judgment entered by the Kalamazoo County Circuit Court was improvidently granted.

Reversed and remanded for a trial on the merits.

All concurred.