BARROW v SALY

1. Trial—Pretrial Conference—Purpose.

   A pretrial conference is conducted to simplify and narrow the issues of the case for expeditious trial and to avoid traps and surprises.

2. Trial—Pretrial Conference—Pretrial Summary—Purpose—Modification—Discretion.

   The modification of a pretrial summary rests with the sound discretion of the trial judge, but a party may generally rely on a pretrial summary to frame the triable issues.

3. Trial—Pretrial Conference—Cross-Claim—Indemnity—Dismissal of Action—Discretion.

   A trial court abused its discretion creating injustice by dismissing a defendant's cross-claim against another defendant for indemnification because it was filed after the pretrial conference where almost seven months elapsed between the filing of the cross-claim and the actual start of the trial; the parties were entitled, in view of the lengthy passage of time between the filing of the cross-claim and the trial, to know what their respective positions were at trial; that knowledge may well have altered preparation or trial tactics, and it was the duty of the judge to place the parties in their correct stance for trial.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 June 26, 1974, at Detroit. (Docket No. 17794.) Decided August 16, 1974. Leave to appeal denied, 393 Mich —.

Complaint by William A. Barrow, Inez Barrow, and Mary F. Healander for herself and as administratrix of the estate of Samuel Healander, deceased, against Movita Saly and Jerome-Duncan, Inc., for damages for injuries received in an auto-

References for Points in Headnotes

[1, 2] 53 Am Jur, Trial §§ 8–11.
[3] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 89, 90.

mobile accident. Verdict and judgment for plaintiffs. Jerome-Duncan satisfied the judgment and appeals the dismissal of its cross-claim against Saly for indemnification. Reversed and remanded for trial on the issue of indemnification.

*Garan, Lucow, Miller, Lehman, Seward & Cooper* (by *Ronald C. Winiemko),* for Jerome-Duncan, Inc.

*Eggenberger, Eggenberger, McKinney & Weber,* for Movita Saly.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

PER CURIAM. Defendant, Jerome-Duncan, Inc., (hereinafter referred to as Jerome) appeals from an order of the trial court dismissing its crosscomplaint for indemnity against defendant Movita Saly.

The cause of action arose out of an automobile accident wherein defendant Saly was driving an automobile owned by defendant Jerome. Plaintiffs, as a result of the accident, filed suit naming both Saly and Jerome as defendants.

A pretrial conference was held and a pretrial summary was issued by the trial judge to all the parties which read in part:

"The Court inquired of the parties as to whether or not all claims arising out of the transaction or occurrence which is the subject matter of this action have been joined. Counsel agreed that all related matters have been joined in this action."

GCR 1963, 301.3 deals with pretrial conferences and provides in pertinent part:

* Circuit judge, sitting on the Court of Appeals by assignment.

"Pretrial Summary. The judge shall prepare, file, and cause to be served upon the attorneys of record, at least 10 days in advance of trial a summary of the results of the pretrial conference specifically covering each of the items herein stated. The summary of results controls the subsequent course of the action unless modified at or before trial to prevent manifest injustice."

The purpose of the pretrial statement and summary have been discussed by this Court in several recent cases. In *Reinhardt v Bennett,* 45 Mich App 18, 22, 25; 205 NW2d 847 (1973), we stated:

"The pretrial conference is conducted to simplify and narrow the issues of the case for expeditious trial and to avoid traps and surprises.

\*      \*      \*

"The modification of a pretrial summary rests with the sound discretion of the trial court and while a party may generally rely on the pretrial summary to frame the triable issues, our primary concern is to see that justice is done."

On April 23, 1971, two weeks before the case was scheduled for trial, Jerome filed a cross-complaint seeking indemnification from Saly if liability to plaintiffs was found.[1] Trial was then delayed until November 22, 1971, wherein a jury verdict was returned in favor of plaintiffs against both defendants.[2] Prior to the commencement of the trial, the judge reserved judgment on Jerome's cross-complaint.

Jerome on October 18, 1972 filed a motion for entry of judgment on the cross-complaint. A hearing was held on January 17, 1973, at which time the court ruled that Jerome's cross-complaint

---

[1] Saly filed a motion to strike the cross-complaint which was granted by the judge on January 22, 1973.

[2] Subsequently, Jerome paid plaintiffs, satisfying the judgment.

should be dismissed because it was filed after the pretrial conference.

We are of the opinion that the trial court abused its discretion creating injustice by dismissing the cross-complaint. Almost seven months elapsed between the filing of the cross-complaint and the actual start of the trial. Saly certainly cannot claim that considering the question of indemnity at trial would have constituted a trap or a surprise. The parties were entitled, in view of the lengthy passage of time between the filing of the cross-complaint and the trial, to know what their respective positions were at trial. That knowledge may well have altered preparation or trial tactics, and it was the duty of the judge to place the parties in their correct stance for trial.

Reversed and remanded solely for trial on the issue of indemnity between the two defendants.