MERIT ELECTRIC CO., INC. v J. BOYLE, INC.

1. MOTIONS—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—PLEAD-
   ING—COURT RULES.

   A motion for summary judgment on the ground that the opposing
   party has failed to state a claim upon which relief can be
   granted must be decided with reference to the pleadings alone
   (GCR 1963, 117.2[1]).

2. MOTIONS—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—SUFFI-
   CIENCY OF PLEADINGS—COURT RULES.

   A motion for summary judgment on the ground that the opposing
   party has failed to state a claim upon which relief can be
   granted tests only the legal and not the factual sufficiency of
   the pleadings (GCR 1963, 117.2[1]).

3. MOTIONS—SUMMARY JUDGMENT—WELL-PLEADED FACTS—COM-
   PLAINTS—FAILURE TO STATE CLAIM—COURT RULES.

   All well-pleaded facts in a plaintiff's complaint are to be accepted
   as true where a trial court is considering an opposing party's
   motion for summary judgment on the ground that the plaintiff
   has failed to state a claim upon which relief can be granted
   (GCR 1963, 117.2[1]).

4. PLEADING—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—
   COURT RULES.

   A plaintiff has failed to state a claim upon which relief can be
   granted if his claim is so clearly unenforceable as a matter of
   law that no factual development could possibly justify a right
   to recovery (GCR 1963, 117.2[1]).

5. CONTRACTS—INTERPRETATION—SUMMARY JUDGMENT—ISSUE OF
   FACT—COURT RULES.

   Questions of contract interpretation may properly be disposed of
   by summary judgment, absent any offer of proof giving rise to
   issues of fact (GCR 1963, 117.2[3]).

REFERENCES FOR POINTS IN HEADNOTES

[1–7] 61 Am Jur 2d, Pleading §§ 225, 237 *et seq.*
[5, 7] 73 Am Jur 2d, Summary Judgment § 5.

6. Motions—Summary Judgment—Failure to State Claim—Supporting Affidavits—Issue of Fact—Court Rules.

A motion for summary judgment granted ostensibly on the ground that the plaintiff has failed to state a claim upon which relief may be granted, but accompanied by supporting affidavits or depositions, may be treated as a motion for summary judgment on the ground that except as to the amount of damages there is no genuine issue as to any material fact, so long as neither party is misled (GCR 1963, 117.2[1], 117.2[3]).

7. Judgment—Summary Judgment—Contracts—Interpretation of Contracts—Material Facts—Court Rules.

Interpretation and modification of a contract is a genuine issue of material fact where extrinsic evidence is necessary in order to resolve questionable contract language; summary judgment is never proper where an issue of material fact is present (GCR 1963, 117.2).

Appeal from Oakland, William J. Beer, J. Submitted May 10, 1977, at Detroit. (Docket No. 28270.) Decided August 22, 1977.

Complaint by Merit Electric Co., Inc., against J. Boyle, Inc., and Home Insurance Co., and others to recover monies due on two subcontracts. Defendant J. Boyle, Inc., filed counterclaims against Merit for damages for breach of contract and against Ohio Casualty Insurance Co. on Ohio Casualty's surety bond agreement with plaintiff in which J. Boyle, Inc., was the obligee. Summary judgment for Ohio Casualty. Defendant and counterclaimant J. Boyle, Inc., appeals. Reversed and remanded.

*Kemp, Klein & Endelman* (by *Melvyn S. Goldstein* and *Raymond L. Morrow),* for defendant and counterclaimant J. Boyle, Inc.

*Ralph H. Adams,* for counter-defendant Ohio Casualty Insurance Co.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN and D. C. RILEY, JJ.

V. J. BRENNAN, J. J. Boyle, Inc. (hereafter Boyle) appeals as of right a grant of summary judgment by the Oakland County Circuit Court to Ohio Casualty Ins. Co. (hereafter Ohio).

This action began in June, 1974, when Merit Electric Company, Inc. (hereafter Merit) sued to recover monies allegedly due on two subcontracts. Boyle was the successful bidder on two construction contracts known as "Projects 71647 and 71648, Relocation of Utilities and Parking Lot Modifications at Northland Shopping Center and Eastland Shopping Center". These contracts were entered into in October, 1972, between Boyle and the owners, Shopping Centers, Inc., and Dayton-Hudson Properties, an assumed name entity of Shopping Centers.

In December, 1972, Boyle entered into agreements to subcontract the electrical work on the Northland and Eastland projects to Merit. Ohio then gave performance bonds covering these projects. In these bonds, Ohio was the surety, Merit was the principal and Boyle was the obligee.

The general contract, article 4, provided for a completion date of September 1, 1973. The subcontract stated, under "General Scope of Work", 1(c), that the subcontractor agreed to complete the work "As required by Shopping Centers, Inc., Giffels Associates and contractor". The bond provided as an express condition precedent to any right to recovery:

"SECOND: All suits at law or proceedings in Equity to recover on this bond must be instituted within six months after the completion of said contract, and in any event within twelve months from the date fixed in

said contract for its completion, or if no time is specified in said contract for its completion, before the 11th day of December, 1974, unless the Surety shall have extended the time for instituting said suits or proceedings in writing signed by an officer of the Surety at its Home Office at Hamilton, Ohio."

The "contract" to which reference is made in the bond is the Merit-Boyle subcontract. Boyle did not bring Ohio into the lawsuit until December 6, 1974, when an amended counterclaim ("complaint") against Merit and Ohio was filed. Prior to the filing of Boyle's complaint, on August 15, 1974, Boyle had counterclaimed against Merit, alleging breach of the subcontract in several particulars. Then, on September 25, 1974, a stipulation for resumption of work by Merit, and for partial release of funds ($23,000) by Boyle to Merit was filed. An order effecting the provisions of this stipulation was filed October 28, 1974. In its December, 1974, complaint against Ohio, Boyle alleged that Merit had induced Boyle to enter into the stipulation by fraudulent misrepresentations as to work performed and materials in Merit's possession.

In its answer to Boyle's complaint, Ohio raised the affirmative defense that Boyle had not complied with the time limitation of the bond. Boyle moved for partial summary judgment as to this affirmative defense pursuant to GCR 1963, 117.2(2), on July 11, 1975, but later withdrew its motion on November 26, 1975. Meanwhile, on July 24, 1975, Ohio filed a motion for summary judgment against Boyle pursuant to GCR 1963, 117.2(1), asserting Boyle's failure to file suit by September 1, 1974. In an addendum to this motion, Ohio made specific references to the deposi-

tion of one Garfield Laity, drafter of the general contract and employee of Giffels Associates.

In its answer to Ohio's motion for summary judgment, Boyle raised several affirmative defenses. Boyle contended that the bonds provided for filing suit at any time before December 11, 1974. If the bond did not do so as a matter of law, its time limitation provision was ambiguous, requiring parol evidence. Concerning any parol evidence, the conflicting positions of the parties meant that genuine issues of material fact existed. Even if the bond established a time limitation which Boyle had failed to meet, Ohio should be estopped from relying on such time limitation because of representations of Ohio agents that they would not entertain any claim for liability on the bond until Boyle had procured a judgment against Merit. In addition, the time limitation in the bond was alleged unreasonable in light of the circumstances.

After hearing oral arguments on December 3, 1975, the circuit court granted Ohio's motion for summary judgment against Boyle by order dated December 17, 1975. The order did not specify under which subrule summary judgment was being granted. However, the order allowed Boyle to make a record and to offer proof "with regard to the granting of the Summary Judgment Order".

Boyle proceeded to collect affidavits and depositions, and on January 2, 1976, filed a motion for rehearing. Boyle alleged that its complaint did state a cause of action, and that a number of genuine issues of material fact precluded summary judgment. The issues of fact which Boyle asserted existed are the same as those Boyle raises on appeal.

Oral arguments were presented on Boyle's mo-

tion for rehearing on March 16, 1976. Boyle's attorney stated that Shopping Centers' personnel had been reluctant to give affidavits concerning extensions of time, because Shopping Centers and Boyle might find themselves on opposite sides of a lawsuit. At this hearing, Shopping Centers' attorney Woods stated that Boyle continued to perform on the general contract past September 1, 1973. However, Woods would not commit himself as to whether there had been any extensions of time. Boyle's attorney stated he could testify that agents of Shopping Centers had told him the contracts had been extended. The court stated he believed any extensions would have had to be in writing. The court indicated he would affirm his grant of summary judgment to Ohio for the reasons stated by Ohio's attorney. Summary judgment was affirmed, and the motion for rehearing denied by order dated March 22, 1976.

On appeal, we deal with two principal allegations of error. We will discuss them in the order presented.

Boyle claims the trial court erred in granting summary judgment to Ohio where Boyle's complaint did state a cause of action on which relief could be granted when Boyle, as obligee on the Ohio bond, alleged satisfaction of conditions required under the bond, including the bond's time limitation for filing suit.

A motion for summary judgment filed pursuant to GCR 1963, 117.2(1) must be decided with reference to the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974), *lev den,* 391 Mich 816 (1974), *Chatham Supermarkets, Inc v Ajax Asphalt Paving, Inc,* 370 Mich 334, 339; 121 NW2d 836 (1963). Such a motion tests only the legal and not the factual sufficiency of the plead-

ings. *Rowe v Colwell,* 67 Mich App 543, 547–548; 241 NW2d 284 (1976), *Van Liere v State Highway Department,* 59 Mich App 133, 137; 229 NW2d 369 (1975). Both at the trial and appellate levels, all well-pleaded facts in plaintiff's complaint are to be accepted as true. *Borman's, Inc v Lake State Development Co,* 60 Mich App . 175, 179–180; 230 NW2d 363 (1975), *Weckler v Berrien County Road Commission,* 55 Mich App 7, 9; 222 NW2d 9 (1974). What we must determine on appeal is whether plaintiff's claims are so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972).

The facts pleaded in Boyle's complaint, as stated in its brief, are the following:

"1. BOYLE had a valid SUBCONTRACT with MERIT for the performance of certain portions of the GENERAL CONTRACT.

"2. OHIO indemnified BOYLE against the failure of MERIT to perform under its SUBCONTRACT pursuant to the terms of the BOND.

"3. MERIT did not faithfully perform its obligations under the SUBCONTRACT and defaulted thereon.

"4. BOYLE did faithfully perform all of its obligations under the SUBCONTRACT.

"5. BOYLE has suffered damages as a result of MERIT'S failure and default.

"6. BOYLE has met all conditions required of it under the BOND.

"7. OHIO has failed and refused to pay BOYLE pursuant to the BOND."

As Ohio notes, the crux of the problem is Boyle's assertion that all conditions of the bond had been met. This Court has held summary judgment pursuant to GCR 1963, 117.2(3) proper in a matter of

contract interpretation, absent any offer of proof giving rise to issues of fact. *Burroughs Corp v Detroit,* 18 Mich App 668, 674–675; 171 NW2d 678 (1969). In the present case, if Ohio's interpretation of the bond time limitation was correct, we believe summary judgment pursuant to GCR 1963, 117.2(1) could properly be granted because the bonds were attached to and made a part of Boyle's pleading.

However, several problems appear to us incident to such an interpretation. First, the trial judge stated orally that he was granting summary judgment for the reasons stated by Ohio. In its addendum to its motion for summary judgment and in oral argument, Ohio made specific references to the deposition of Garfield Laity. Thus, the trial court went outside the pleadings in considering this deposition. *Greenfield Construction Company, Inc v Detroit,* 66 Mich App 177, 183; 238 NW2d 570 (1975), *Rowe v Colwell, supra,* at 547–548. We have ruled in the past that a motion granted ostensibly on GCR 1963, 117.2(1), but accompanied by supporting affidavits or depositions, may be treated as a motion pursuant to GCR 1963, 117.2(3), so long as neither party is misled. *Todd v Biglow, supra,* at 349–350. We believe this rule may be used here where Ohio was apparently not misled, having offered the deposition, and Boyle was not misled, having argued the existence of issues of fact.

Further, we are not at all in agreement that Ohio's interpretation of the bond time limitation is the correct one. In *Greenfield Construction,* the Court found interpretation and modification of a contract to be a genuine issue of material fact where extrinsic evidence was found necessary in order to resolve the questionable contract lan-

guage. Summary judgment is never proper when an issue of material fact is present, even where the motion for summary judgment has been brought pursuant to GCR 1963, 117.2(1). *Rowen & Blair Electric Co v Flushing Operating Corp,* 49 Mich App 89, 92; 211 NW2d 527 (1973), *Reinhardt v Bennett,* 45 Mich App 18, 25–26; 205 NW2d 847 (1973). In this case, we believe that the provisions of the bond of the underlying subcontractor are ambiguous, and so a genuine issue of material fact is presented.

We also find that the trial court was presented with several other genuine issues of material fact. They were the possible extensions of the contract, estoppel, and unreasonableness of the bond time limitation alleged by Ohio. Were we not to find Ohio's interpretation of the bond time limitation ambiguous, we would be forced to reverse on the basis of the other substantial fact issues Boyle presented. *Rowen & Blair Electric Co v Flushing Operating Corp, supra,* at 92, *Reinhardt v Bennett, supra,* at 25–26. Summary judgment in this case cannot be granted pursuant to GCR 1963, 117.2(3).

Moreover, regardless of other material issues of fact presented, if Boyle's interpretation of the bond and subcontract is correct, then Boyle's complaint did state a cause of action upon which relief could be granted. GCR 1963, 117.2(1). Boyle contended that of the bond's three alternative time provisions, the applicable one was that requiring suit to be brought by December 11, 1974. We cannot say as a matter of law that this conclusion could not reasonably be drawn from a well-pleaded factual allegation. *Martin v Fowler,* 36 Mich App 725, 729; 194 NW2d 524 (1971), *Rowe v Colwell, supra,* at 547–548. The allegation that Boyle complied with all conditions of the bond was the only one ques-

tioned by Ohio. Therefore, we believe that the trial court in ruling the pleadings presented by Boyle presented no cause of action as a matter of law was erroneous and must be reversed. GCR 1963, 117.2(1).

Reversed and remanded for trial.