DIONNE *v.* PIERSON CONTRACTING COMPANY.
GARAVAGLIA *v.* SAME.

1. JUDGMENT—SUMMARY JUDGMENT—PLEADINGS—AFFIDAVITS.

A motion for summary judgment should be granted forthwith if the pleadings show that a party is entitled to a judgment as a matter of law or if the affidavits or other proof show there is no genuine issue of fact (GCR 1963, 117.3).

2. CORPORATIONS—REDEMPTION OF STOCK—SUMMARY JUDGMENT—AFFIDAVITS.

Holders of stock certificates in defendant corporation, which were not redeemed at times provided therein and in the articles of incorporation for their redemption, were properly granted summary judgments, where defendant's affidavit was either conclusionary, in that he stated his answer raised material questions of fact, or upon information and belief that surplus was insufficient, since the affidavits were not made on personal knowledge nor did they set forth such facts with particularity as would be admissible as evidence to deny the grounds stated in the motion (GCR 1963, 116.4, 117.3).

3. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS.

An affidavit opposing a motion for summary judgment must be made on personal knowledge and set forth with particularity such facts as would be admissible as evidence to deny the grounds stated in the motion (GCR 1963, 116.4, 117.3).

4. SAME—SUMMARY JUDGMENT—AFFIDAVITS—CONCLUSION.

An affidavit by defendant which is cast in conclusionary language instead of stating with particularity facts which would be admissible as evidence fails to comply with court rule requirements pertaining to testing a plaintiff's motion for summary judgment (GCR 1963, 116.4, 117.3).

---

REFERENCES FOR POINTS IN HEADNOTES
[1-6] 41 Am Jur, Pleading §§ 340–343.

5. Same—Summary Judgment—Affidavits—Redemption of Corporate Stock.

> Assertion in affidavit for defendant corporation that its creditors might be prejudiced if plaintiffs' stock were redeemed as provided for therein and in the articles of incorporation was a conclusion and insufficient to prevent the grant of plaintiffs' motions for summary judgments (GCR 1963, 116.5, 117.3).

6. Same—Summary Judgment—Affidavit—Conclusion—Redemption of Corporate Stock.

> Assertion that the actual value of defendant corporation's property *might* have been considerably less than that shown on the corporate books, is a conclusionary utterance that is insufficient to prevent entry of summary judgment for plaintiff stockholders whose stock was not redeemed at times provided for in the stock certificates and in the articles of incorporation (GCR 1963, 116.4, 117.3).

Appeal from Saginaw; O'Neill (James E.), J. Submitted Division 3 November 4, 1965, at Lansing. (Docket Nos. 953, 954.) Decided December 20, 1965.

Complaint by Bridget Garavaglia Dionne, administratrix of the estate of Jule C. Garavaglia, against Pierson Contracting Company, a Michigan corporation, for redemption of preferred stocks. Similar action by Michael J. Garavaglia, Louis A. Garavaglia, Audrey Garavaglia, and the National Bank of Detroit, guardian of the estate of Marietta L. Garavaglia, a minor. Cases consolidated in lower court and on appeal. Summary judgments for plaintiffs. Defendant appeals. Affirmed.

*Darin, Darin & McMillan (Malcolm McMillan,* of counsel), for plaintiff Dionne.

*Brucker & Brucker (Wilber M. Brucker, Jr.,* of counsel), for plaintiffs Michael Garavaglia and others.

*O'Keefe, Braun, Kendrick & Finkbeiner (Larry C. Carl,* of counsel), for defendant.

FITZGERALD, J. Plaintiffs are the owners of shares of class D and class E preferred stock issued by defendant corporation. Defendant's articles of incorporation and stock certificates provide for final redemption of class D stock by June 1, 1962, and of class E stock by June 1, 1963. The certificates state in part that "Classes of preferred stock shall be redeemed *only out of surplus to the extent that the same are legally capable of being redeemed* in whole or in part, at those final maturity dates." (Emphasis supplied.)

Neither class of stock had been redeemed as of July 20, 1964, and plaintiffs brought suits for the stated redemption prices, dividends which they alleged were due and unpaid, and interest subsequently accrued at the legal rate, relying on balance sheets and financial statements issued by defendant containing figures which plaintiffs alleged indicated sufficient retained earnings and net income for these purposes.

Defendant denied that there was an adequate surplus to require or permit redemption or that any dividends were due. They submitted a financial statement stating that retained earnings as of the fiscal year ending April 30, 1962, were $104,892.36 as opposed to the $392,751.11 figure which appeared in an earlier statement relied on by plaintiffs. The total amount prayed for by plaintiffs was $57,960 plus accrued interest and costs.

Plaintiffs' motions for summary judgments based on the allegation that there were no genuine issues as to any material fact were granted by the trial court following a hearing and the submission of briefs. Summary judgments entered for plaintiffs totaling $52,440, representing the redemption of the

stock plus 4% dividends. The defendant appeals these judgments, the cases being consolidated for this purpose.

This appeal revolves solely around the propriety of the summary judgments granted plaintiffs in these two cases. It asks the question: Did the pleadings and affidavits set forth any material facts entitling defendant-appellant to a trial on the merits?

These cases, with judgments totaling $52,440 for plaintiffs, point up the incisive quality of a motion for summary judgment and the burden it places upon the challenged party.

Indeed, we could say that this case is decided merely by citing *Durant* v. *Stahlin (Appeal in re Van Dusen, Elliott, Romney)* (1965), 375 Mich 628, were it not that a brief examination of the posture of the pleadings is in order.

In *Durant*, Mr. Justice ADAMS set forth what we consider to be the essence of summary judgment proceedings, in stating (p 640):

"Once a party is challenged as to the existence of the facts upon which he purports to build his case, the sum and substance of the summary judgment proceeding is that general allegations and notice pleading are not enough. Matters upon information and belief and alleged common knowledge are not enough. That party must come forward with at least some evidentiary proof, some statement of specific fact upon which to base his case. If he fails, the motion for summary judgment is properly granted. In the language of GCR 1963, 117.3, *'Judgment shall be rendered forthwith* if the pleadings show that any party is entitled to judgment as a matter of law or *if the affidavits or other proof show that there is no genuine issue of fact'.*" (Emphasis supplied.)

A brief review of the case at bar will illustrate
why it falls four-square within the above-quoted
admonition.

Defendant's affidavit opposing plaintiffs' motion
for summary judgment stated, "that deponent
* * * is satisfied that the answer of the defendant
raises material questions of fact to be decided by
the court only after hearing testimony from num-
berous (sic) witnesses, including accountants and
other experts familiar with corporate matters of
this nature"; and further, "upon information and
belief states that there was not a surplus on June
1, 1962, or on June 1, 1963, which legally permitted
the redemption of preferred stock issued by the
defendant corporation."

Such responses cannot be said to fall within GCR
1963, 116.4, governing the content of affidavits and
its requirement that "Supporting and opposing af-
fidavits shall be made on personal knowledge and
*shall set forth with particularity* such facts as would
be admissible as evidence to establish or deny the
grounds stated in the pleading or motion." (Em-
phasis supplied.)

Defendant's affidavit is deficient in the very things
that the court rule and *Durant* require. In that
case, where the situation was reversed, with defend-
ant filing summary judgment motion, Mr. Justice
Souris, concurring in affirmance, stated (p 657):

"Instead, however, plaintiff chose to file affidavits
* * * which were not responsive to the defend-
ant's affidavits, which were in part based upon in-
formation and belief instead of personal knowledge
of the affiant, and which were cast in conclusionary
language instead of stating with particularity facts
which would be admissible as evidence."

Defendant urges that interrogatories answered
by the president of the corporation suggest that de-

fendant's creditors would be prejudiced if the shares had been redeemed. Here again, a conclusion is asserted, as is done throughout defendant's pleadings and brief, *e.g.* "In addition, the actual value of the property and equipment *might* have been considerably less than that shown on the corporate books."

We agree with the trial court opinion where it states:

"On consideration of the arguments and briefs, this court is of the opinion that the motions for summary judgments must be granted because all defendant says is that plaintiffs should not rely on its financial statements."

Conjecture cannot substitute for fact nor conclusion for admissible evidence. A review of defendant's contentions indicates that the summary judgments in the consolidated cases should be affirmed.

Affirmed. Costs to appellees.

McGregor, P. J., and T. G. Kavanagh, J., concurred.