SZIDIK v PODSIADLO

Docket No. 52575. Submitted May 6, 1981, at Lansing.—Decided September 10, 1981.

Judith and James Szidik obtained a judgment against Raymond Podsiadlo, Jr., for injuries resulting from an assault upon Mrs. Szidik. They then obtained a writ of garnishment against Allstate Insurance Company, with whom Podsiadlo's parents had homeowner's insurance. Allstate moved for summary judgment for the reason that no genuine issue of material fact existed. The affidavits and depositions of Podsiadlo's parents indicated Podsiadlo moved out of the home on March 23, 1977. Podsiadlo had testified in a deposition that he moved out of the home on April 1, 1977. The assault occurred on April 6, 1977. The Oakland Circuit Court, Farrell E. Roberts, J., granted summary judgment even though the time for discovery had not expired. Plaintiffs appealed. *Held:*

A motion for summary judgment limited to a single issue upon which discovery is complete is not premature, regardless of whether or not the final date for discovery has passed.

Affirmed.

Bronson, J., dissented. He would hold that summary judgment is premature if made before discovery is completed and would reverse.

OPINION OF THE COURT

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — MATERIAL FACT — COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions and other documentary evidence available to the court and is properly granted only where

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 73 Am Jur 2d, Summary Judgment §§ 26, 27, 32.
[4, 6] 73 Am Jur 2d, Summary Judgment § 12.
[5, 7] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

2. MOTIONS AND ORDERS — JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A court will give the benefit of any reasonable doubt to the opposing party and must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome in order to grant a motion for summary judgment on the ground that there is no genuine issue as to any material fact (GCR 1963, 117.2[3]).

3. WORDS AND PHRASES — MATERIAL FACT.

A material fact is an ultimate fact issue upon which a jury's verdict must be based.

4. JUDGMENTS — SUMMARY JUDGMENT — DISCOVERY.

A motion for summary judgment limited to a single issue upon which discovery is complete is not premature, regardless of whether or not the final date for discovery has passed.

5. APPEAL — PRESERVING QUESTION.

An issue not raised at trial is not preserved for appeal unless the claim is necessary to a proper determination of the case, involves a question of law for which all facts have been presented, or a manifest injustice would result.

DISSENT BY BRONSON, J.

6. JUDGMENTS — SUMMARY JUDGMENT — DISCOVERY.

*Summary judgment is premature if made before the time for discovery has expired.*

7. APPEAL — PRESERVING QUESTION.

*The general rule that issues are not preserved for appeal unless raised below should not be so stringently applied in cases where no trial has taken place.*

*Mark A. Roberts,* for plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Joseph Kochis),* for Allstate Insurance Company.

Before: M. J. Kelly, P.J., and Bronson and R. M. Daniels,* JJ.

M. J. Kelly, P.J. Plaintiffs, Judith and James Szidik, were awarded $60,000 in a default judgment against defendant Raymond Podsiadlo, Jr., for injuries resulting from his April 6, 1977, assault upon Mrs. Szidik. When Podsiadlo proved uncollectible, plaintiffs obtained a writ of garnishment against Allstate Insurance Company, with whom Podsiadlo's parents had a homeowner's insurance policy.

On March 11, 1980, Allstate moved for summary judgment, GCR 1963, 117.2(3). The accompanying affidavits established that defendant moved out of his parents' home on March 23, 1977. According to Podsiadlo, he moved out of his parents' home on April 1, 1977. In their motion for summary judgment, Allstate claimed that defendant was not a resident of the insured household at the time of the assault, and thus his parents could not be held liable. The trial court agreed, granting summary judgment to Allstate in an opinion dated May 14, 1980. Plaintiffs appeal as of right, GCR 1963, 806.1.

Plaintiffs contend that summary judgment was inappropriate because a factual dispute existed regarding when Podsiadlo moved out of his parents' home. GCR 1963, 117.2(3) allows a trial court to grant summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A motion based on GCR 1963, 117.2(3) is designed to test whether there is factual support for a claim. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978). When passing upon a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Id.,* 730. The court will give the benefit of any reasonable doubt to the opposing party and the court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). A material fact is an ultimate fact issue upon which a jury's verdict must be based. *Partrich, supra,* 730, fn 3.

Plaintiffs contend that a factual dispute exists between Podsiadlo and his parents concerning the date he moved out of their house. While defendant does not agree with his parents' affidavits, which stated that he moved out on March 23, 1977, he did state in his answer to plaintiffs' interrogatories that he moved out of their house prior to his assault on Mrs. Szidik. Since both defendant and his parents agree that he left home prior to the assault, no issue of material fact existed.

Plaintiffs also argue that the trial court erred when it granted summary judgment prior to the completion of discovery. In support of this contention, plaintiffs cite *Goldman v Loubella Extendables,* 91 Mich App 212; 283 NW2d 695 (1979). In *Goldman,* the plaintiff brought an antitrust action against the defendant, claiming it conspired to restrict trade by stopping sales of its merchandise to the plaintiff. Prior to the conclusion of discovery, the defendant moved for summary judgment pursuant to GCR 1963, 117.2(3). The plaintiff opposed the motion claiming summary judgment was inappropriate where discovery was not complete. The trial court granted summary judgment but this Court reversed. *Id.,* 222. Plaintiffs argue that

this Court reversed the grant of summary judgment in *Goldman* because discovery had not been completed.

Plaintiffs' reading of the holding in *Goldman, supra,* is too broad. A motion for summary judgment limited to a single issue upon which discovery is complete is not viewed as premature, regardless of whether the final date for all discovery has passed. This conclusion finds support in *Goldman, supra,* 218, where the Court stated:

"Defendant may under the court rule establish disputed fact through deposition testimony. GCR 1963, 117.3, *Rizzo v Kretschmer, supra. Summary judgment is premature if made before discovery on the disputed issue is complete. Johnston v American Oil Co,* 51 Mich App 646, 650-651; 215 NW2d 719 (1974). The time limit for discovery had not passed. GCR 1963, 301.7. The trial court should have either delayed resolution of the motion until discovery was completed or accepted as a promise to produce evidence that which plaintiff sought to prove through hearsay. *Cf. Rizzo v Kretschmer, supra.*" (Emphasis added.)

In this case, discovery on the disputed issue was complete when Allstate moved for summary judgment. The deposition testimony of the defendant's parents established that the defendant was not a resident of his parents' home at the time of the assault. The defendant's answer to various interrogatories supports the identical conclusion. Additionally, the plaintiffs failed to supply the trial court with any conflicting evidence in their answer to the motion for summary judgment, choosing instead to make an unsupported denial of this fact. Hence, their chief argument was that discovery was not complete on this issue, since it was possible that the defendant might recant his earlier sworn statement. This possibility is insufficient to

prevent the court from granting summary judgment. Mere conjecture does not meet the burden of the opposing party to come forward with affidavits or some other evidentiary proof to establish that there exists a genuine issue of material fact. Bashara, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 1976 Det Col L Rev 397, 414-415, citing *Dionne v Pierson Contracting Co,* 2 Mich App 134, 139; 138 NW2d 555, 557 (1965).

The dissent's reliance on the possibility of testimony from defendant's friend "Steve" to establish a genuine issue of material fact is mere conjecture. The dissent makes an argument excusing the plaintiffs' failure to take a deposition that the plaintiffs did not make for themselves either below or in this Court. We think it is inappropriate. A memorandum of law submitted with the motion for summary judgment disclosed that "Steve" was the person with whom the defendants' son was living after he left his parents' home. The record discloses no effort on the plaintiffs' part to interrogate any of the parties further about "Steve" or to take his deposition.

Most important, plaintiffs failed to raise at the trial level the issue that the period of discovery had not yet expired. It is well established that an issue may not be preserved for appeal if it is not raised at trial, *Hayes v Booth Newspapers, Inc,* 97 Mich App 758, 773; 295 NW2d 858 (1980), unless the claim is "necessary to a proper determination of the case", *Prudential Ins Co of America v Cusick,* 369 Mich 269, 290; 120 NW2d 1 (1963), the claim involves a question of law for which all facts have been presented, *Kahn-Reiss, Inc v Detroit & Northern Savings & Loan Ass'n,* 59 Mich App 1; 228 NW2d 816 (1975), or a manifest injustice would result, *People v Snow,* 386 Mich 586, 591;

194 NW2d 314 (1972). Review of the instant proceeding suggests no such special circumstances relieving the plaintiffs of their burden to raise all applicable issues below. Thus, this issue was not properly preserved for our review.

Affirmed.

R. M. DANIELS, J., concurred.

BRONSON, J. *(dissenting)*. I respectfully dissent on the issue of whether summary judgment was inappropriate because it was granted prior to the completion of discovery. I believe that summary judgment was prematurely granted.

Allstate contends that discovery on the disputed issue was complete in this case. Further, Allstate notes that plaintiffs merely speculate that they might be able to obtain factual support for their assertion that plaintiff resided with his parents on April 6, 1977, if given more time. I agree with Allstate that mere conjecture does not meet the burden of the opposing party to come forward with evidentiary proof to establish that there exists a genuine issue of material fact. See *Dionne v Pierson Contracting Co,* 2 Mich App 134, 139; 138 NW2d 555, 557 (1965). However, I do not expect an opposing party to meet this burden until the time set for discovery has expired. The question, then, is whether the time for the completion of discovery had come.

By GCR 1963, 301.7, the discovery process is halted when the pretrial conference is either held or waived. This seemingly straightforward rule is made difficult to apply, however, due to Michigan Supreme Court Administrative Order 1978-2, which authorizes the judicial circuits to eliminate

the mandatory pretrial conference except on motion of counsel showing the need for proceedings or by order of the trial court *sua sponte.* Local Court Rule 7.1 of the Sixth Judicial Circuit (Oakland County) provides:

"GCR 1963, 301.1 through 301.7 shall be applicable to civil cases only:

"(a) Upon granting of a motion timely made and showing need for proceedings under Rule 301, or

"(b) Upon order of the Judge of the court entered *sua sponte.*

"This rule shall not be construed to affect or impair the right of any party to obtain discovery within a reasonable time after the case is at issue under and in accord with GCR 1963, 302 through 313. No case shall be adjourned more than once for the reason that discovery has not been completed unless such an adjournment is ordered by a judge of the court."

Under Local Court Rule 7.1, the time for discovery had expired only if it can be concluded that plaintiffs were unreasonable in completing their discovery efforts. The concept of reasonableness is subjective and relative so that only obviously unreasonable discovery efforts will be held to be caught by the rule.

In this case, the affidavit of Fleurette Podsiadlo states that defendant went to live with a friend named "Steve". Plaintiffs indicate in their brief that they want to depose "Steve". Steve's testimony could result in sufficient factual support to create a genuine issue as to a material fact. Given that plaintiffs did not know of the existence of Steve until mid-March, 1980, when Allstate filed its motion for summary judgment, I do not find them unreasonable in failing to have concluded

discovery by May 14, 1980, the date upon which the motion for summary judgment was granted.[1]

I agree with the majority that it would have been preferable had plaintiffs specifically raised the discovery period issue on the record before the circuit court. I am unable to say with any certainty, however, that this issue was not raised. The transcript of the May 7, 1980, hearing on the motion for summary judgment consists of one page indicating that the matter had been argued in chambers. What was stated at this time I do not know.

In any case, I do not agree that the general rule that an issue is not preserved for appeal unless raised below should be so stringently applied in cases where no trial has taken place. I do not know in what circumstances the majority would find it "necessary to a proper determination of the case" to consider a claim not raised below. See, *Prudential Ins Co v Cusick,* 369 Mich 269, 290; 120 NW2d 1 (1963). However, since I believe discovery was prematurely cut off here by the decision to grant the motion for summary judgment and that Allstate would not be greatly inconvenienced by allowing discovery to proceed, resolution of this issue is necessary to properly protect the rights of the plaintiffs. In my opinion, where no trial has occurred, less extreme sanctions should be imposed on litigants for their failure to raise an issue below rather than refusing to consider the claim which entitles them to relief. For instance, they could be denied costs even if they prevailed in the appeal.

I would reverse and require the trial court to set a date in conjunction with the parties upon which all discovery must be completed.

---

[1] I also note that while plaintiffs became aware of Steve's existence in mid-March, the record fails to show that at this time they had any notion concerning where he lived or how to get in touch with him.