KAUFFMAN v HAAS

Docket No. 53994. Submitted December 3, 1981, at Lansing.—Decided March 3, 1982.

Francis W. Haas obtained an arbitration award against C. William Kauffman and Carol A. Kauffman. The Kauffmans filed an application to vacate the award in the Washtenaw Circuit Court and sought to depose the arbitrator, raising the issue of the partiality of the arbitrator. The court, Ross W. Campbell, J., quashed the notice of deposition and confirmed the award. The Kauffmans appealed. *Held:*

Limited discovery should have been allowed, focusing only on the relationship between the arbitrator and the other party once the issue of partiality was fairly raised.

Reversed and remanded.

1. ARBITRATION — APPEAL — DUE PROCESS — BURDEN OF PROOF.
The partiality or bias of an arbiter which will overturn an arbitration award must be certain and direct, and not remote, uncertain or speculative (GCR 1963, 769.9[1][b]).

2. ARBITRATION — APPEAL — DUE PROCESS — DISCOVERY.
Limited discovery should be allowed focusing only on the relationship between the arbitrator and the other party once the issue of partiality is fairly raised.

*Philip Green,* for plaintiffs.

*Conlin, Conlin & McKenney* (by *Michael D. Highfield),* for defendant.

Before: V. J. BRENNAN, P.J., and ALLEN and T. C. MEGARGLE,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error §§ 156-158.
5 Am Jur 2d, Arbitration and Award §§ 98-100
Setting aside arbitration award on ground of interest or bias of arbitrators. 51 ALR3d 697.
* Circuit judge, sitting on the Court of Appeals by assignment.

T. C. MEGARGLE, J. Appellants filed an application to vacate an arbitration award. The cause was heard on September 11, 1980. On September 15, 1980, the circuit court granted respondent's motion to enter judgment on the award. Appellants filed an appeal as of right on October 3, 1980, and the respondent has moved this Court to affirm.

On July 27, 1978, appellants and respondent entered into a contract for construction of a $166,-000 house by the respondent for the appellants. On January 27, 1979, the date on which the house was to have been completed, the house was less than 35% completed. A substantial portion of the work that had been performed by the respondent was ruined due to his failure to protect the partially completed structure from the elements and his failure to comply with the contractor's specifications.

In February, 1979, the appellants learned that respondent had forged the signature of a subcontractor on a lien waiver, submitted the waiver to the bank holding the funds under the construction loan, and failed to turn over the funds to the subcontractor.

On March 9, 1979, the appellants terminated the contract with the respondent. On June 1, 1979, the respondent filed a claim for $54,000 with the American Arbitration Association in accordance with the terms of the contract.

On June 20, 1979, the appellants filed an answer and a counterclaim for $60,000.

A list of potential arbitrators was sent to both parties. Both parties were entitled to cross off any names to which they objected. They were then to list the remaining arbitrators in order of preference. Mr. Z. T. Gerganoff was listed as a private architect. The appellants ranked Mr. Gerganoff

third on their list, and he was eventually selected as an arbitrator.

The arbitration proceedings were conducted on November 9 and 10, 1979. On December 17, 1979, the arbitrator awarded respondent $16,200 on his claim and he denied an award on appellants' counterclaim. On January 8, 1980, appellants filed an application to vacate the arbitration award, alleging in part that the arbitrator displayed "evident partiality in favor of the [respondent]". Appellants alleged that it was not until after the arbitration proceedings that they discovered that the arbitrator was the community development coordinator for Ypsilanti Township. They feared that his position could have led to business contacts between the arbitrator and the respondent prior to the arbitration proceeding.

In order to ascertain the existence of any connection between the arbitrator and the respondent, the appellants sought to depose the arbitrator who brought a motion for a protective order to quash the notice of deposition. This motion was heard on May 1, 1980. No transcript is available of this proceeding. The circuit judge granted a protective order and quashed the notice of deposition. Apparently, no formal opinion or order was ever issued. The only record of the judge's decision was a handwritten note on a praecipe for motion noting that the motion was granted. Therefore, it is not apparent from the record why the judge refused to allow the arbitrator to be deposed.

On September 11, 1980, the application to vacate the arbitration award was heard. Neither side was allowed to introduce testimony from the parties and on the 15th day of September, 1980, the court issued an opinion and order denying the application to vacate and confirming the arbitration award.

The issue before this Court is whether it was error for the circuit court to grant a protective order against discovery and to confirm the arbitrator's award where evident partiality was alleged.

There is no authority in the State of Michigan on whether an arbitrator may be deposed in order to establish that he was partial towards another party. This issue has been addressed in other states, however, with differing results.

The general rule is that an arbitrator need not submit to deposition questioning on the merits of his decision. *Eder Bros v International Brotherhood of Teamsters,* 36 Conn Supp 223; 416 A2d 702 (1980), *Korshalla v Liberty Mutual Ins Co,* 154 NJ Super 235; 381 A2d 88 (1977).

GCR 1963, 769.9(1) states the grounds for a court to vacate an arbitration award. Among these is evident partiality by the arbitrator, GCR 1963, 769.9(1)(b). However, the partiality or bias which will overturn an arbitration award must be certain and direct and not remote, uncertain or speculative. *North American Steel Corp v Siderius, Inc,* 75 Mich App 391; 254 NW2d 899 (1977).

Although there are strong public policy reasons to discourage discovery of arbitrators in order to leave them "free as jurors from the nit-picking and rooting-about of lawyers", it is also important to protect the public from being victimized by arbitrators who are partial to one party. GCR 1963, 769.9(1)(b) requires a strong and definite showing of evident partiality before an arbitration award may be vacated. With such a requirement in force, we believe the parties to an arbitration proceeding should be given at least an opportunity to develop a record to prove such partiality.

We hold that, once an issue of partiality is fairly raised, limited discovery of the arbitrator should

be allowed, focusing only on the relationship between the arbitrator and the other party. *Korshalla v Liberty Mutual Ins Co, supra.*

We hold that, on the record presented on this appeal, the appellants have failed to demonstrate evident partiality on the part of the arbitrator. However, the parties were deprived of a chance to depose the arbitrator on the limited issue of contact with the respondent. We hold, therefore, the issuance of the circuit court's protective order to be reversible error. The circuit court's order is reversed and the case is remanded to allow the deposition of the arbitrator for the limited purposes set forth in this opinion.

Remanded in accordance with this opinion. Costs to appellants.