ALBION PUBLIC SCHOOLS v ALBION EDUCATION
ASSOCIATION/MEA/NEA

Docket Nos. 63839, 63853. Submitted April 8, 1983, at Lansing.—
Decided December 5, 1983. Leave to appeal applied for.

The Albion Public Schools brought an action against the Albion
Education Association/MEA/NEA and others, including Mal-
colm G. House, to vacate an arbitration award in a labor
dispute. The award was made by defendant House in his role of
arbitrator and was in favor of the Albion Education Association
and other defendants. Plaintiff did not challenge the merits of
the award, but alleged that the award should be vacated
because House had not disclosed his prior employment as
chairman of a committee of the Michigan Education Associa-
tion. The Calhoun Circuit Court, Creighton R. Coleman, J.,
found that House's prior services to the union were likely to
create a presumption of bias in anyone reviewing his qualifica-
tions as an arbitrator and that he should have disclosed his
previous involvement with the union to the plaintiff. The court
granted the plaintiff's motion for summary judgment and va-
cated the arbitration award. Defendant House and the remain-
ing defendants appealed separately, and the appeals were
consolidated. *Held:*

The failure of an arbitrator to disclose facts which might
reasonably lead to an impression or appearance of bias consti-
tutes grounds for vacating an arbitration award. Defendant
House's activities as chairman of the union committee were
such as to reasonably lead to the impression that he might
favor one party over another. Thus, his failure to disclose his
union activity warrants the vacation of the arbitration award.

Affirmed.

1. ARBITRATION — QUALIFICATION OF ARBITRATOR — DUTY OF DISCLO-
SURE.

A failure of an arbitrator to disclose to the parties to the

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award §§ 98, 100, 167, 181.
Disqualification of arbitrator by court or stay of arbitration proceed-
ings prior to award, on ground of interest, bias, prejudice, collu-
sion, or fraud of arbitrators. 65 ALR2d 755.

[2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

arbitration facts about himself which might reasonably lead to an impression or appearance of bias constitutes grounds for vacating the arbitration award.

2. JUDGMENTS — SUMMARY JUDGMENT.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law (GCR 1963, 117.2[3]).

*Rosenfeld, Grover & Frange, P.C.* (by *Robert M. Grover*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Michael J. Schmedlen*), for Albion Education Association/MEA/NEA, South Central Unified Bargaining Association/MEA/NEA, Gleniane Reid Gray, Adam Zamora, and Craig Bartholemew.

*Clinton C. House*, for Malcolm G. House.

Before: D. E. HOLBROOK, JR., P.J., and HOOD and T. M. GREEN,* JJ.

D. E. HOLBROOK, JR., P.J. Defendants appeal from an April 1, 1982, order of the trial court granting summary judgment for plaintiff and vacating a July 25, 1980, labor arbitration award issued by defendant Malcolm G. House in favor of defendants Albion Education Association/MEA/NEA and others.

The basic facts are not in dispute. On April 16, 1980, defendant House conducted an arbitration hearing between plaintiff and defendants Albion Education Association/MEA/NEA and others (hereinafter union defendants) pursuant to the provisions of their collective-bargaining agreement. Defendant House, on July 25, 1980, ruled in favor of union defendants. Some months after that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

decision, plaintiff became aware of defendant House's prior activities as chairman of the MEA Citizens Service Fee Review Committee (hereinafter CSFRC) during the year of 1979. This was a three-member committee of the MEA established for the purpose of resolving internal union agency shop disputes. Defendant House was selected by the MEA and was paid $2,400 for his services.

On November 12, 1980, plaintiff brought this action seeking to vacate the arbitration award, challenging not the merits of the award, but rather the fact that House did not reveal his previous involvement with the CSFRC. Subsequently, plaintiff filed a motion for summary judgment pursuant to GCR 1963, 117.2(3). The union defendants similarly filed a motion for summary judgment as well as a motion to confirm the arbitration award. The case was then submitted to the court, with the parties agreeing that there existed no genuine issue of material fact.

The trial court issued a written finding on January 20, 1982. Citing *Commonwealth Coatings Corp v Continental Casualty Co,* 393 US 145; 89 S Ct 337; 21 L Ed 2d 301 (1968), the trial court held that there should have been disclosure of House's role as chairman of the CSFRC. Upon defendants' motions for clarification, the trial court reaffirmed its decision in a second finding dated March 19, 1982. That order was entered April 1, 1982. Defendants now appeal as of right.

The sole issue on appeal is whether defendant House should have disclosed to plaintiff his previous involvement with the CSFRC.

The trial court found that House's services to the CSFRC were "consultive" in nature and therefore "likely [to] create a presumption of bias in the mind of a person reviewing his qualifications as

arbitrator". In doing so, the trial court relied primarily on the Supreme Court case of *Commonwealth Coatings Corp v Continental Casualty Co, supra.* In that case the arbitrator had failed to disclose that he had in the past performed services as a consultant for one of the arbitrating parties. The Supreme Court vacated the arbitration award based on that failure to disclose, stating that:

"We can perceive no way in which the effectiveness of the arbitration process will be hampered by the simple requirement that arbitrators disclose to the parties any dealings that might create an impression of possible bias." *Commonwealth, supra,* p 149; 89 S Ct 339; 21 L Ed 2d 305.

In *North American Steel Corp v Siderius, Inc,* 75 Mich App 391; 254 NW2d 899 (1977), this Court addressed the question of whether a failure to disclose would constitute grounds for vacating an arbitration award. While the Court did not cite *Commonwealth,* it appears that it adopted the same rule:

"Thus, while it is conceded that arbitrators must disclose to the parties any dealings that might create an *impression of possible bias,* the impression must be a reasonable one." 75 Mich App 404. (Emphasis supplied.) See also Rule 17 of the Voluntary Labor Arbitration Rules of the American Arbitration Association.

We adopt the rule of *Commonwealth,* as did the trial court, and as this Court apparently did in *North American Steel Corp,* and hold that a failure to disclose certain facts which might reasonably lead to an impression or appearance of bias constitutes grounds for vacating an arbitration award.

All that remains is to ascertain whether House's

undisclosed activities with the CSFRC would give rise to such an impression or appearance of bias. Defendants argue that House's activities as chairman were no different than his role in any other arbitration case and therefore need not be disclosed. The trial court flatly rejected this argument, stating that:

"[I]n an arbitration case the arbitrator is selected by mutual agreement of the parties, either directly or through a selection process as established by the American Arbitration Association. This procedure is well established. In the selection of the members of the MEA committee, however, they were selected solely by the Michigan Education Association. The Director of Legal Services for the MEA met with and requested Mr. House to serve as chairman. Both of the other members of the committee were appointed by the MEA or through the MEA. The total fees of the three members of the committee were paid by MEA. In an arbitration case the arbitrators' fees normally are shared equally by both parties or perhaps paid by the losing party. The function and payment of the chairman of the MEA committee was substantially different than it would be in an arbitration proceeding. Mr. House had to establish rules. He prepared the draft report. The payment he received was not nominal. It was substantial. He was asked to serve again. This was payment for consultive services."

The trial court in its second finding concluded that:

"This court does conclude that the employment of Mr. House as an employee of MEA as set forth herein, as a CSFRC chairman, not as a pure or typical arbitrator, is a circumstance which might likely create a presumption of bias in the mind of a person reviewing his qualifications as an arbitrator, should it be brought to that person's attention. The disclosure of such employment is necessary under Section 17."

We are convinced that the trial court's decision

was correct. It is important to remember that the issue is only whether House's activities might reasonably give someone who is considering his services as an arbitrator the impression that he might favor one litigant over the other. It is not hard to imagine that a school board might not want to employ his services in an arbitration hearing with the teachers' union once it discovered his prior relationship with that union. On the other hand, a school board might decide that House's qualifications as an arbitrator outweigh whatever concerns they might have. The point is simply that the information should have been disclosed to them so that they could make that decision. The integrity of the arbitral process demands no less. See *Kauffman v Haas,* 113 Mich App 816, 819; 318 NW2d 572 (1982). Defendants argue that a decision affirming the trial court will only serve to undermine the efficiency and finality of the arbitral process. While it is true that an arbitrator should not be required to "provide the parties with a complete and unexpurgated business biography", *North American Steel, supra,* p 405, it is difficult to see how the "arbitration process will be hampered by the simple requirement that arbitrators disclose to the parties any dealings that might create an impression of possible bias". *Commonwealth, supra,* p 149; 89 S Ct 339; 21 L Ed 2d 305.

Summary judgment pursuant to GCR 1963, 117.2(3) is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Szidik v Podsiadlo,* 109 Mich App 446; 311 NW2d 386 (1981). The trial court properly granted summary judgment for plaintiff on the basis of House's failure to disclose.

Affirmed. No costs. A public question.