GRIFFIN v SECRETARY OF STATE

Docket No. 80025. Submitted June 18, 1985, at Lansing.—Decided September 20, 1985.

Following a hearing, the Secretary of State suspended Dorian P. Griffin's driver's license for a one-year period. Griffin petitioned the St. Clair Circuit Court for reinstatement of limited driving privileges. The court noted that this was Griffin's second license suspension for refusing to take a Breathalyzer test (the first suspension being from May 3, 1983, to August 3, 1983), and denied the petition. Griffin moved for reconsideration on the ground that this was his first petition for a restricted license. The circuit court, Ernest F. Oppliger, J., granted reconsideration and entered an order reinstating limited driving privileges after learning that Griffin had submitted to a "road" Breathalyzer test but refused to take a second test at the police station, believing he did not have to comply. The Secretary of State appealed. *Held:*

Petitioner raised no valid basis for refusing to consider his 1983 license suspension. Therefore, the court erred in ordering limited driving privileges in contravention of statute.

Reversed.

AUTOMOBILES — DRIVER'S LICENSES — SUSPENSION OF DRIVERS' LICENSES — RESTRICTED LICENSES.

A person who has his driving privileges suspended is not entitled to the issuance of a restricted driver's license where, within the last seven years, he has had his license suspended for refusing to submit to a blood-alcohol test (MCL 257.323c[2]; MSA 9.2023[3][2]).

*Mary Beth Black Law Offices* (by *Mary Beth Black*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Automobiles and Highway Traffic §§ 122-132.
Necessity of notice in hearing before revocation or suspension of motor vehicle driver's license. 60 ALR3d 361.

*Caruso,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for the Secretary of State.

Before: ALLEN, P.J., and WAHLS and J. P. O'BRIEN,* JJ.

PER CURIAM. Following a hearing on June 14, 1984, the Secretary of State suspended Dorian Griffin's driver's license for the one-year period from June 20, 1984, to June 20, 1985, pursuant to MCL 257.625f; MSA 9.2325(6). Griffin then petitioned in circuit court for reinstatement of limited driving privileges. The court noted that this was Griffin's second license suspension for refusing to take a Breathalyzer test (the first suspension being from May 3, 1983, to August 3, 1983), and denied the petition. Griffin moved for reconsideration on the ground that this was his first petition for a restricted license. The circuit court granted reconsideration and entered an order reinstating limited driving privileges upon learning that Griffin had submitted to a "road" Breathalyzer test but refused to take a second test at the police station, believing he did not have to comply. The Secretary of State appeals as of right.

The Secretary argues that the circuit court exceeded its authority, because MCL 257.323c(2); MSA 9.2023(3)(2) prohibits issuing a restricted license where "the person's license has been suspended pursuant to section 625f within the immediately preceding 7-year period". Griffin responds that this Court should not apply the statute because the Secretary did not raise the issue in the court below and because Griffin did not have a hearing when his license was suspended in 1983.

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

We think this is a case where the issue is appropriate for our review, notwithstanding the Secretary's failure to raise it below. *Szidik v Podsiadlo,* 109 Mich App 446, 451-452; 311 NW2d 386 (1981). We find no merit in Griffin's claim that lack of a hearing under MCL 257.625e; MSA 9.2325(5) is significant. The statute provides that a hearing will be granted upon request. Griffin does not argue either that he requested the hearing or that he did not receive the requisite notice. He thus raises no basis for not considering the 1983 suspension.

Accordingly, we accept the Secretary's argument and grant the requested relief. We reverse and vacate the court's order reinstating limited driving privileges.

Reversed.